# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO. 4:08-cr-47-CDL-MSH |
| | : | |
| DANYELE D. GROTHEN, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

On December 6, 2010, Defendant filed a Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and § 1B1.10(c). (ECF No. 55.) For the reasons described below, Defendant's motion should be dismissed.

## BACKGROUND

Pursuant to a plea agreement, Defendant pled guilty to one of fifteen counts of wire fraud in violation of 18 U.S.C. § 1343, on September 8, 2009. (ECF No. 28, 29.) On February 17, 2010, judgment and sentence were entered in which Defendant was sentenced to twenty-seven (27) months imprisonment, three years supervised release and $293,025.00 in restitution. (ECF No. 40.) Defendant appealed her sentence, which was ultimately affirmed by the Eleventh Circuit. (ECF No. 54.) On December 6, 2010, Defendant filed the current § 3582 motion for a reduction of her sentence based on Amendment 709[1], which

---

[1] As the Government notes in its Response, Grothen mistakenly refers to Amendment 12 as the basis for her motion. Amendment 12, however, altered §2B2.1(b)(2) effective June 15, 1988, and is not relevant to Defendant's current motion. U.S. Sentencing Guidelines Manual app. C, Vol. 1 (1997). A review of her motion reveals that she is actually seeking a sentence modification pursuant to Amendment 709, which altered United States Sentencing Guidelines Manual § 4A1.2(c)(1).

changed United States Sentencing Guidelines Manual § 4A1.2(c)(1), effective November 1, 2007. U.S. Sentencing Guidelines Manual app. C, Supp. (2010). Amendment 709 modified §§ 4A1.1 and 4A1.2 regarding criminal history calculation and "the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." *Id.* More specifically, Amendment 709 states that certain prior offenses "will be counted only if (A) the sentence was for a term of probation of more than one year or a term of imprisonment of at least thirty days (30)." *Id.*

Defendant's motion states that her criminal history score was calculated using two theft convictions which resulted in terms of probation of less than one year. (Def.'s Mot. 3.) She contends that her multiple prior sentences should have been consolidated and modified, thus reducing her score from 16 points, which places her in criminal history Category II, to 14 points, which is in Category I, for sentencing purposes. (*Id.*)

## DISCUSSION

This Court does not have "inherent authority" to modify a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-19 (11th Cir. 2002); *see also* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except [in certain cases]."). Title 18, United States Code § 3582 provides the limited circumstances under which a sentence for a term of imprisonment may be modified. Specifically, "[u]nder § 3582(c), the court may modify a sentence in three circumstances: (1) upon motion of the Director of the Bureau of Prisons; (2) under [Federal Rules of Criminal Procedure] Rule 35 or as otherwise expressly permitted by statute; or (3) if the sentencing range has subsequently

2

been lowered by the Sentencing Commission." *United States v. McGranahan*, 168 F. App'x 934, 937 (11th Cir. 2006). If one of these circumstances is not present, the Court lacks jurisdiction to consider the Defendant's motion to modify her sentence. *Id.*

Pursuant to 18 U.S.C. § 3582(c), there is no motion from the Bureau of Prisons to reduce Defendant's sentence; there is no authority to modify the sentence under Federal Rules of Criminal Procedure 35 for clear error or substantial assistance, or under any other statute; and the sentencing guideline range has not been lowered since Defendant's sentencing. Because none of the circumstances listed in § 3582(c) is present in this case, this Court lacks jurisdiction to grant Defendant's motion. Consequently, Defendant's motion for reduction of her sentence should be dismissed.

At the time of Defendant's plea, Sentencing Guideline § 4A1.2(c) stated that:

Sentences for misdemeanor and petty offenses are counted, **except as follows**:

(1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:

Careless or reckless driving
Contempt of court
Disorderly conduct or disturbing the peace
Driving without a license or with a revoked or suspended license
False information to a police officer
Gambling
Hindering or failure to obey a police officer
Insufficient funds check
Leaving the scene of an accident
Non-support
Prostitution
Resisting Arrest

    Trespassing.

U.S. Sentencing Commission Guidelines Manual § 4A1.2(c)(1) (2009) (emphasis added). Relevant to Defendant's case, then, this means that any misdemeanor or petty offense which resulted in a term of probation of *less* than one year or *less* than thirty days imprisonment would be counted toward a defendant's criminal history score *unless* it was specifically listed in §4A1.2(c)(1). Defendant's prior offenses, which included convictions for second and third degree theft, are not listed in §4A1.2(c)(1), nor are they similar to any of the crimes listed. Furthermore, §4A1.2(c)(1)(B), requires inclusion of prior convictions which are similar to the instant offense in determining a Defendant's criminal history. Defendant's theft convictions are similar to the current conviction for wire fraud, wherein she received money for submitting fraudulent insurance claims. Thus, the theft convictions were required to be utilized in determining Defendant's Guideline range. For those reasons, Defendant's prior theft convictions were correctly included in the calculation of her criminal history for sentencing purposes.

It must also be noted that Defendant was sentenced on February 17, 2010. (ECF No. 40.) Amendment 709, which became effective on November 1, 2007, had already been incorporated into the Guidelines Manual that was used to calculate her criminal history score, as well as her guideline range. *See* U.S. Sentencing Guidelines Man. §4A1.2(c)(1) and (2)(2009); Def.'s Pre-Sentence Report ¶¶ 42, 46. As such, her claims are without merit.

## CONCLUSION

WHEREFORE, it is RECOMMENDED that Defendant's motion to reduce sentence

be DISMISSED for lack of jurisdiction.  Pursuant to 28 U.S.C. § 636(b)(1), the Defendant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

**SO RECOMMENDED,** this 13th day January, 2011.

S/Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE